UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JEREMIAH F. YOUNG, | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| v. | )  Civil No. 8-29-B-W |
| | ) |
| SGT. FRIES, et al., | ) |
| | ) |
|      Defendants. | ) |

**RECOMMENDED DECISION ON
MOTION FOR SUMMARY JUDGMENT (Docket No. 19) and
MOTION TO DISMISS (Docket No. 22)**

In January 2008 Jeremiah Young brought suit against individuals at the Maine State Prison complaining about racial and religious prejudice he suffered at the prison, especially as it related to his status of being placed in administrative segregation.  Young supplemented that complaint with additional allegations in March 2008, prior to service upon the defendants.  The defendants have now moved for partial summary judgment (Doc. No. 19) regarding so much of the complaint as pertains to administrative segregation and injunctive relief, and they have additionally moved to dismiss the entire complaint because it allegedly fails to state a claim (Doc. No. 22).  Young has failed to file a timely response to either motion.  I now recommend the court grant both motions.

**The Motion for Summary Judgment**

The defendants' motion is based upon one undisputed material fact.  On May 6, 2008, Jeremiah Young moved from the special management unit to the medium custody unit and has been housed there ever since. (SMF ¶ 1.)   By failing to file a response to defendants' motion, Young has waived his right to controvert that one fact and I will accept it as true.  Therefore,

taking that one undisputed fact as true, I must determine if it is "appropriate" to grant summary judgment because there is no genuine issue as to any material fact on the issue of whether or not Young is entitled to the injunctive relief he seeks.  NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir. 2002).  The defendants claim that to the extent Young is seeking injunctive relief that would cause this court to issue an order placing him in a medium custody unit, the complaint has become moot.   It is true that once Young received the transfer in classification that he sought by way of injunctive relief, that issue became moot in this court.  See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (transfer to a different unit moots claim for injunctive relief for conditions in the former unit); Weaver v. Wilcox, 650 F.2d 22, 27 & n.13 (3d Cir.1981) ("Accordingly, the courts have held that a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge.")(collecting cases)); Inmates v. Owens, 561 F.2d 560, 562 (4th Cir. 1977) (same);  Beltran v. O'Mara, 405 F.Supp.2d 140, 143 n. 2 (D.N.H. 2005) (count seeking a transfer to another facility, became moot upon prisoner's assignment to the New Hampshire State Prison).  I therefore recommend the motion for partial summary judgment on this portion of the complaint be granted.

### The Motion to Dismiss

Approximately five days after filing the motion for partial summary judgment, the defendants filed a motion to dismiss the complaint/amended complaint.  The gist of the motion to dismiss is that Young's claim regarding placement in administrative segregation does not allege an atypical and significant hardship not normally associated with prison life that would rise to the level of a due process violation as set forth in Sandin v. Conner, 515 U.S. 472 (1995).  The defendants thus claim that Young has failed to state a claim, a difficult judgment to make given the free ranging style of the complaint and supplement thereto.  Defendants conveniently ignore

2

Young's claims of racial and religious discrimination as practiced by Fries and possibly Starbird, and the question of whether his allegations <u>might</u> <u>possibly</u> state a claim as to those issues. While it may be true that pursuant to 42 U.S.C. § 1997e(e) Young would not be able to state a claim for compensatory damages for the mental and emotional injury he suffered because of Fries's remarks, that does not mean that he has not stated a claim for nominal or punitive damages because of a First Amendment or Fourteenth Amendment equal protection constitutional claim. <u>See</u> <u>Calhoun v. DeTella</u>, 319 F.3d 936, 940-41 (7th Cir. 2003).

Nevertheless, Young has failed to respond to the motion to dismiss and, thus, has not articulated his position regarding these possible claims. His failure to respond to the motion means that under Local Rule 7(b) the plaintiff shall be deemed to have waived objection. As <u>NEPSK, Inc. v. Town of Houlton</u>, 283 F.3d at 7, explains it is within the district court's discretion to dismiss an action based on a party's unexcused failure to respond to a dispositive motion when required by local rule to so respond, unless the result would clearly offend equity or be contrary to other provisions of the Federal Rules of Civil Procedure, for instance, the "if appropriate" language of Federal Rule of Civil Procedure 56 in the context of a motion for summary judgment. <u>See</u> <u>also</u> <u>ITI Holdings, Inc. v. Odom</u>, 468 F.3d 17, 19 (1st Cir. 2006). Here the pending motion is a motion to dismiss a complaint that is wide ranging and not easily decipherable. Rather than responding to the motion to dismiss with a further elaboration or clarification of exactly what was alleged, Young has failed to respond to the motion at all. Because the only possible claims in the complaint that would appear to survive the motion for summary judgment would be allegations relating to Fries and because Young has chosen not to respond to the motion at all, I recommend the court grant the defendants' motion and dismiss all claims as to all defendants.

**Conclusion**

Based upon the foregoing I recommend the court grant both motions and dismiss this entire matter.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed without ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

June  17, 2008